## Commonwealth, ex rel., *v.* Keeper of County Prison of Philadelphia County.

*Contempt—Insufficient commitment—Habeas corpus.*

Where a warrant for commitment for contempt fails to designate the contempt charged it is insufficient, and on habeas corpus, a discharge, with costs, will be awarded.

Argued July 2, 1915. Habeas corpus, original jurisdiction, Miscellaneous docket, No. 3, in case of Commonwealth, ex rel., Mamie E. Scott v. Keeper of the County Prison of Philadelphia County. Before BROWN, C. J., MESTREZAT, POTTER, ELKIN, STEWART, MOSCHZISKER and FRAZER, JJ. Relator discharged.

Habeas corpus, original jurisdiction.
The opinion of the Supreme Court states the case.

*A. U. Bannard* and *C. Oscar Beasley,* for petitioner.— The commitment is insufficient in form and void: Williamson's Case, 26 Pa. 9; Commonwealth v. Curtis, 14 Philadelphia 361; Commonwealth v. Perkins, 124 Pa. 36; Commonwealth v. Dunn, 58 Pa. Superior Ct. 461.

No argument or paper book for respondent.

PER CURIAM, October 4, 1915:
The relator, at whose instance this writ of habeas corpus was awarded, was committed to the Philadelphia County prison on the following commitment:

"No......Term......191..

MUNICIPAL COURT OF PHILADELPHIA
CRIMINAL DIVISION

Philadelphia, June 24, 1915.

Commit and retain    Mamie Scott    Contempt
Subject to order of the Court.

To the Keeper of Philadelphia County Prison.

. THOS. J. SHERMAN, Pro Clerk.

(Seal)"

The prison keeper might well have declined to receive the relator on this crude piece of paper, for, if it was intended to be a warrant for her commitment for contempt, it ought to have designated the contempt of which she had been adjudged guilty by the Municipal Court, if she had been so adjudged by that court. The commitment fails to show the nature of the contempt for which she was committed, and for its insufficiency she is discharged, with costs: Commonwealth, ex rel., v. Perkins, 124 Pa. 36.